IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HANKLEN GIBSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0490-L |
| | § | |
| DALLAS COUNTY JAIL SYSTEM, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Hanklen Gibson, an inmate in the Dallas County Jail, against the Dallas County Jail System, the Dallas County Jail Medical Department, and two jail employees. On March 12, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on April 11, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he sustained chemical burns to his right foot while stripping the floor at one of the detention facilities operated by the Dallas County Jail System. According to plaintiff, Officer Cearly, who supervised the project, was negligent in failing to issue him protective rubber boots. Plaintiff also complains about a four-day delay in receiving medical treatment for his injuries. When plaintiff finally saw a nurse, his burns were treated with topical ointment, wraps, and pills. However, this treatment lasted only for one week. By this suit, plaintiff seeks $250,000 in compensatory damages and "to be able to have a doctor look at me." (*See* Plf. Compl. at 4, ¶ VI).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

 (1) is frivolous or malicious;

 (2) fails to state a claim upon which relief can be granted; or

 (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Jail System and the Dallas County Jail Medical Department. Federal courts in this district have uniformly held that entities without a separate jural existence are not subject to suit. Neither the Dallas County Jail nor the Dallas County Jail Medical Department are separate legal entities having jural authority. *See, e.g. Lindley v. Bowles*, No. 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (Dallas County Jail not a proper defendant with jural existence); *Morgan v. Dallas County Sheriff's Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (same as to Dallas County Jail Medical Department). Consequently, plaintiff's claims against these defendants must be dismissed.

C.

Plaintiff alleges that Officer Cearly was negligent for not issuing protective rubber boots before requiring him to strip the floors at the jail. (*See* Plf. Compl. at 4, ¶ V). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 145-48, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979). Many acts that might give rise to a state tort claim do not amount to a federal constitutional violation. *Id. See also Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right."). Such is the case here. Plaintiff does not allege any facts which, if proved, suggest that Officer Cearly possessed

subjective knowledge of a substantial risk of serious harm or acted with deliberate indifference to that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). At best, plaintiff has stated a claim of negligence or gross negligence which is not actionable under 42 U.S.C. § 1983. *See Thompson v. Upshur Co.*, 245 F.3d 447, 459 (5th Cir. 2001) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.").[1]

### D.

Plaintiff also complains about the four-day delay in receiving medical care for his injuries. However, the only person identified by plaintiff who was involved in any aspect of his medical treatment is Nurse Poole. When asked to explain how this defendant violated his civil rights, plaintiff responded:

> I didn't say that Nurse Poole were [sic] involved in any acts that where [sic] in violation of my civil-rights, I stated that Nurse Poole only wrapped my foot and gave me medical attention that was needed.

(Interrog. #5). In light of this response, plaintiff has failed to state a claim for relief against Nurse Poole.

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff's negligence claim is governed by the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. § 101.001, *et seq.*, which provides for a limited waiver of sovereign immunity in cases where: (1) personal injury results from the condition or use of tangible personal property; and (2) the governmental unit, if it were a private person, would be personally liable to the claimant under Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). However, timely notice is a jurisdictional prerequisite to suit under the Act. *Cox v. Klug*, 855 S.W.2d 276, 278 (Tex. App.-- Amarillo 1993, no writ). Notice must be provided to the governmental unit "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE